## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA KSIAZKIEICZ, <br><br> Plaintiff, <br> v. <br><br> FELLERMAN & CIARIMBOLI LAW, P.C., <br><br> Defendant. | Case No.: <br><br><br> **JURY TRIAL DEMANDED** <br><br><br> *ELECTRONICALLY FILED* |

### COMPLAINT

Plaintiff, Kayla Ksiazkiewicz (nee Kennedy), a resident of Warren County, Missouri, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Fellerman & Ciarimboli Law, P.C., demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of the claims set forth in this Complaint is proper pursuant to the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e *et seq.* ("PDA") and 28 U.S.C. §§1331 and 1343.

2.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful

discrimination practices that are the subject of this action were committed in this Judicial District.

## PARTIES

3.      Plaintiff, Kayla Ksiazkiewicz ("Ms. Ksiazkiewicz"), is an adult female residing in Foristell, Warren County, Missouri.

4.      Defendant, Fellerman & Ciarimboli, Law P.C. ("Defendant"), is a Pennsylvania professional corporation located at 183 Market Street, Suite 200, Kingston, Luzerne County, Pennsylvania.

5.      At all times relevant and material hereto, Defendant was an employer as defined in the PDA and the Pennsylvania Human Relations Act ("PHRA").

## ADMINISTRATIVE PROCEEDINGS

6.      On or about October 9, 2020, Ms. Ksiazkiewicz filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") against Defendant which was later formalized and docketed as Case No. 202001011 and dual-filed with the Equal Employment Opportunity Commission ("EEOC") as Case No. 17F-2021-60161.

7.      Plaintiff has been advised of her individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, which notice was received on or about March 25, 2025.

8.    All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

## FACTUAL BACKGROUND

9.    On or about April 30, 2018, Ms. Ksiazkiewicz began employment with Defendant as a Paralegal.

10.    At all times during her employment with Defendant, Ms. Ksiazkiewicz performed her job duties in a satisfactory manner; received positive reviews from her superiors; and never received any verbal, written, or other disciplinary action.

11.    On or about May 15, 2020, Ms. Ksiazkiewicz advised Defendant's CFO, Joseph Schintz ("Mr. Schintz"), that she was pregnant.

12.    Approximately a month later, on or about July 16, 2020, Mr. Schintz advised Ms. Ksiazkiewicz that her employment was being terminated under the pretext of firm downsizing.

13.    Defendant's reasoning was clearly pretextual because Defendant retained Plaintiff's co-worker, Dina Stewart, who was not pregnant and had been hired as a paralegal more than a year after Ms. Ksiazkiewicz.

14.    Furthermore, on or about August 14, August 30, and August 31, 2020, Ms. Ksiazkiewicz received multiple notifications from Indeed.com and

Glassdoor.com that Defendant advertising to hire a new paralegal – Ms. Ksiazkiewicz's replacement.

15.    Ms. Ksiazkiewicz's termination by Defendant only a month after informing Defendant that she was pregnant, combined with the facts that a less-tenured, non-pregnant paralegal remained in Defendant's employ and that Defendant sought to fill Plaintiff's former role soon after Ms. Ksiazkiewicz was terminated, makes clear that Defendant's reasoning for the termination (down-sizing) was nothing more than a pretext.

16.    Defendant's true reasoning for Ms. Ksiazkiewicz's termination was due to her pregnancy.

## COUNT I
## VIOLATIONS OF THE PDA

17.    All prior paragraphs are incorporated herein as set forth fully below.

18.    Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based upon an individual employee's sex. 42 U.S.C. §2000e-2(a). The Pregnancy Discrimination Act of 1978, amended Title VII to state that:

> The terms "because of sex" or "on the basis of sex" include but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in the ability or inability to work.

19.    Ms. Ksiazkiewicz was within the protected class of individuals as intened by the PDA.

20.    Ms. Ksiazkiewicz was able to perform the essential functions of her position with Defendant.

21.    Ms. Ksiazkiewicz was terminated by Defendant solely as a result of her pregnancy.

22.    As a direct and proximate result of the conduct of Defendant in violating the PDA by discriminating against Ms. Ksiazkiewicz on the basis of her pregnancy, Ms. Ksiazkiewicz has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Kayla Ksiazkiewicz, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### VIOLATION OF PHRA

23.    All prior paragraphs are incorporated herein as if set forth fully below.

24.    This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complaint of in this Count II arises out of the same facts, events,

and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count should be brought in the same Complaint.

25.    By terminating Ms. Ksiazkiewicz on the basis of her disability, Defendant violated her state rights under the PHRA, which prohibits discrimination based upon disability with respect to the continuation and tenure of employment.

26.    As set forth in Count I, Ms. Ksiazkiewicz has suffered, directly and solely as a result of Defendant's actions, great pecuniary loss, damage, and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Kayla Ksiazkiewicz, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kayla Ksiazkiewicz, prays that this Honorable Court enter judgment in her favor and against Defendant, Fellerman & Ciarimboli Law P.C., and that it enter an Order as follows:

a.    Defendant is to be permanently enjoined from interfering with and/or discriminating against Plaintiff on the basis of her pregnancy, and/or any basis prohibited under applicable federal law;

b.  Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of interfering with and/or discriminating or retaliating against employees based on their gender, and is to be ordered to promulgate an effective policy against such interference and/or discrimination and to adhere thereto;

c.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d.  Plaintiff is to be awarded interest on her monetary losses at the prevailing rate;

e.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

f.    Plaintiff is to be awarded punitive damages as provided for under the PDA;

g.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

i.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

j.    Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

k.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## <u>DEMAND FOR JURY</u>

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**Weisberg Cummings, P.C.**

May 22, 2025 _____

Date

_/s/Steve T. Mahan_ _____

Steve T. Mahan (PA 313550)

smahan@weisbergcummings.com

_/s/Derrek W. Cummings_ _____

Derrek W. Cummings (PA 83286)

dcummings@weisbergcummings.com

_/s/Larry A. Weisberg_ _____

Larry A. Weisberg (PA 83410)

smahan@weisbergcummings.com

_/s/Michael J. Bradley_ _____

Michael J. Bradley (PA 329880)

mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B

Harrisburg, PA 17110

(717) 238-5707

(717) 233-8133 (FAX)

Attorneys for Plaintiff